UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Hon. Judith Levy

v.

                                Case No. 21-cr-20756

JAMAR LEE-STINSON,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jamar Lee-Stinson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Counts of Conviction

The defendant will plead guilty to Count 1 the Indictment. Count 1 charges the defendant with a violation of 18 U.S.C. ' 922(g) – felon in possession of ammunition.

## 2.   Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years in prison. |
|---------|----------------------|---------------------------|
|  | Fine: | Up to $250,000 |
|  | Term of supervised release: | Up to 3 years |

## 3.    Agreement to Dismiss Remaining Charges

There are no additional counts pending against the Defendant in

Indictment Number 21-20756.

## 4.    Elements of Counts of Conviction

The elements of Count 1 are:

> First: That the defendant has been convicted of a crime
> punishable by imprisonment for more than one year;

> Second: That the defendant, following his conviction, knowingly
> possessed the ammunition specified in the indictment;

> Third: That at the time the defendant possessed the
> ammunition, he knew he had been convicted of a crime
> punishable by imprisonment for more than one year; and,

> Fourth: That the specified ammunition crossed a state line
> prior to the alleged possession.

## 5.    Factual Basis

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

On November 8, 2021, Defendant Lee-Stinson entered a gas station in the City of Detroit. The Defendant exchanged words with a group of men while inside the location. Lee-Stinson then brandished a firearm a placed it on the counter. Shortly thereafter, Lee-Stinson fired multiple rounds at three men as they returned to their vehicle. Lee-Stinson was captured on surveillance cameras inside and outside of the gas station as he discharged his weapon. Shell casings were recovered by the Detroit Police Department. The parties stipulate that Lee-Stinson had been convicted of a felony offense at the time he possessed the firearm and ammunition later discharged during this offense. Lee-Stinson knew that he had been previously convicted of a felony offense. Further, the parties stipulate that the ammunition was manufactured outside the State of Michigan and thus traveled in interstate or foreign commerce.

6.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

Page **3** of **14**

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

7.      **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms

that the defendant chooses to plead guilty regardless of any

immigration or other consequences from his conviction.

8.     **Defendant's Guideline Range**

A.     **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

B.     **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, because the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies:

- Base offense level 27 pursuant to U.S.S.G. § 2K2.1(c)(1)(A) and the cross-reference to § 2A2.1(a) (Assault with intent to commit second degree murder) because Lee-Stinson fired multiple rounds of ammunition at three men during his commission of the charged offense.

### D.    Factual Stipulations for Sentencing Purposes

There are no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend the Court impose a term of supervised release of three years.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Forfeiture

The ammunition will be forfeited in this case.

### F.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment

does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel claims or prosecutorial misconduct, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15.    **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

16.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 pm on July 29, 2022. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn Ison
United States Attorney

_____
Craig Wininger
Chief, Violent and Organized
Crime Unit
Assistant United States Attorney

Jeanine Brunson

_____
Jeanine Brunson
Assistant United States Attorney

Dated: 7/11/2022

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

_____
Daniel Dena
Attorney for Defendant Lee-Stinson
Dated: 7/18/2022

_____
Jamar Lee-Stinson
Defendant
Dated: 7/18/22

Page **14** of **14**